

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. C-5527
Re: Whether a school of dancing, not connected with the public school system, comes within the meaning of the language, school or other educational institution, of Article 37-12 of the Beaumont City Code, and related question.

Your letter addressed to this department dated September 20, 1943, concerning the above captioned matter, reads as follows:

"Article 37-12 of the Beaumont City Code provides as follows:

"'It shall be unlawful for any dealer to sell beer within three hundred feet of any school or other educational institution. .'

"The local office of the Texas Liquor Control Board has asked me for an opinion as to whether or not a school of dancing, conducted by a private individual and having no connection with the public school system of this city, is a 'school or other educational institution' within the meaning of the code provision above quoted. In other words, is it unlawful for a dealer to sell beer within three hundred feet of a private dancing school?

"I have been unable to find any satisfactory statutory or case law in point and would like to have your opinion on the matter."

Honorable Shelby K. Long, page 2

Upon a careful examination of the Texas Liquor Control Act together with its amendment, we find that Article 666-25a authorizes commissioners' courts and cities and towns to prohibit the sale of alcoholic beverages within 300 feet of any church, public school or public hospital. Said section 25a of Article 666, reads as follows:

"The commissioners' court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

We deem it unnecessary to determine whether a school of dancing, not connected with the public school system, is within the term, school or other educational institution, in Article 37-12 of the Beaumont City Code, because under Article 666, Section 25a, Texas Liquor Control Act, the City of Beaumont was only authorized to prohibit the sale of beer within 300 feet of a public school.

In Opinion No. 0-3843 of this department, passing upon the validity of Corpus Christi ordinance regulating hours for the sale of beer, is found the following language, which we think supports our conclusion above, to-wit:

"It is elementary that all city ordinances, whether the cities have home rule or special charters, must conform to the Constitution and the State law. Any city ordinance which is in conflict with a state statute covering the same subject is void. City of Lubbock v. Southplain Hardware Co., 111 S. W. (2d) 343; City of Wichita Falls v. Continental Oil Co., 117 Tex. 256, 1 S. W. (2d) 596; Berry v. City of Ft. Worth, 124 S. W. (2d) 842; City of Houston v. Richter, 157 S. W. 189; City of Graham v. Seal, 235 S. W. 668; 30 Texas Jurisprudence 301, Sec. 167 and authorities cited therein. This general rule has been well espressed

Honorable Shelby K. Long, page 3

by Davidson, P. J., speaking for the Court of Criminal Appeals of Texas in Ex parte Goldburg, 200 S.W. 386, at page 387.

"'There are a few general propositions which seem to be well understood as the law, which may be stated as follows: A business which is authorized by the state law cannot be prohibited by city ordinance directly or indirectly. A business which is regulated by the state cannot be prohibited by the city either by express enactment or by prohibitory regulation. A business regulated by the state cannot be regulated by the city, otherwise than by grant of power to such city in the charter passed by the Legislature for the purpose of such regulation. Nor can such regulation be otherwise than in accord with the state law. It cannot be in violation of or in conflict with the state law or any provision of the Constitution. Penalties under ordinances, if the ordinance is the same as the state law, must conform strictly to penalties prescribed by the state law. Such penalties cannot exceed or fall below the penalties prescribed by the state law; that is, where the ordinance pertains to the same matter as that enacted by the Legislature.'"

Therefore, it is the opinion of this department that it is not unlawful for a person duly authorized to sell beer, to sell the same within 300 feet of a private dancing school.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Jesse Owens
Assistant

JO:db

